**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4463**

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

          v.

RAVAR CARJON HARRIS,

                 Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
District Judge.  (1:12-cr-00258-JAB-1)

Submitted:  January 30, 2014          Decided:  February 11, 2014

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury,
North Carolina, for Appellant.   Terry Michael Meinecke,
Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ravar Carjon Harris appeals his conviction after a jury found him guilty of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether the district court erred by denying Harris' motion to suppress. Harris was notified of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

In considering the denial of a motion to suppress, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). "We [also] defer to the district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. McGee, 736 F.3d 263, 270 (4th Cir. 2013) (internal quotation marks omitted). When a motion to suppress has been denied by the district court, "[w]e . . . construe the evidence in the light most favorable to the Government, the prevailing party below." Foster, 634 F.3d at 246.

The district court properly denied Harris' motion to suppress. It is well established that "the police can stop and

2

briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). In assessing the validity of a Terry stop, "we consider the totality of the circumstances[,] . . . giv[ing] due weight to common sense judgments reached by officers in light of their experience and training." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004).

We conclude that the officer in this case had reasonable suspicion to justify a Terry stop based on several factors, such as "the context of the stop, the crime rate in the area, and the nervous or evasive behavior of the suspect." United States v. George, 732 F.3d 296, 299 (4th Cir. 2013) (citing Illinois v. Wardlow, 528 U.S. 119, 124 (2000)). Moreover, "multiple factors may be taken together to create a reasonable suspicion even where each factor, taken alone, would be insufficient." Id. at 300.

Here, the officer observed Harris walking in a high-crime area of the city known for drug activity where additional patrols had been ordered, even during the daytime hours. See id. The officer also considered that, after making eye contact with Harris, Harris pulled the hood over his head

3

and walked away from the officer into a nearby wooded area.  See United States v. Bumpers, 705 F.3d 168, 175 (4th Cir.) ("[A] defendant's flight upon seeing a police car in a high-crime area was enough to create a reasonable suspicion of criminal activity sufficient to justify a Terry stop.") (citing Wardlow, 528 U.S. at 124-25)), cert. denied, 134 S. Ct. 218 (2013).  Taken together, we conclude that these circumstances are articulable facts from which the officer, based on his training and experience, could form a reasonable suspicion justifying Harris' initial stop.  Thus, the district court properly denied Harris' motion to suppress.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Harris in writing of the right to petition the Supreme Court of the United States for further review.  If Harris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Harris.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this court and argument would not aid the decisional process.

AFFIRMED